FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jul 26 2023

KEVIN P. WEIMER, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DEQUORRIA WOODARD,

    Plaintiff pro se,

v.

ROME CITY SCHOOL DISTRICT,

    Defendant.

CIVIL ACTION FILE NO.

4:23-CV-00132-WMR-WEJ

## ORDER AND
## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff pro se Dequorria Woodard's application to proceed in forma pauperis [1], and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2). After consideration of the affidavit of indigence, the Court **GRANTS** the Motion to Proceed IFP. Plaintiff may proceed without prepayment of filing fees or docket costs, but process will not issue at this time while the Court conducts a frivolity review of her claims pursuant to 28 U.S.C. § 1915(e)(2).

Upon review of the Complaint [1-1] and its attachments [1-2], the undersigned **RECOMMENDS** that plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., be **DISMISSED** as frivolous. However, the undersigned **REPORTS** that plaintiff has plausibly

alleged claims for disability discrimination, failure to accommodate, termination on the basis of disability, and retaliatory termination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Therefore, the undersigned **RECOMMENDS** that plaintiff be permitted to proceed with her ADA claims.

I. **BACKGROUND**

The Complaint alleges that plaintiff's former employer, Rome City School District ("RCS"), discriminated against her on the basis of race and disability during her tenure as a paraprofessional at Anna K. Davie Elementary School (the "School"), failed to accommodate her work injury, and terminated plaintiff because of her injury and in retaliation for protected conduct. (See generally Compl. & Attach.) Plaintiff brings her claims under Title VII and the ADA. (Id. ¶ 1.) Plaintiff asks that defendant pay her medical bills, one year's salary, and a $142.80 underpayment. (Id. ¶ 17).

Plaintiff contends that a co-worker, Amanda Eckhardt, harassed her based on her race (African American) and disability (post-traumatic stress disorder, i.e., PTSD). (See generally Compl. & Attach.) Plaintiff told Ms. Eckhardt that she had PTSD and Ms. Eckhardt knew that plaintiff did not like people standing behind her, but would stand over plaintiff's shoulder and pick on her. (Id. Attach. [1-2], at 4-

2

5.) According to plaintiff, RCS did not stop Ms. Eckhardt's behavior despite plaintiff's repeated complaints to administrators. (Id.) On March 22, 2022, Ms. Eckhardt left plaintiff alone in a special education classroom with 11 students and plaintiff tripped over a backpack, hurting her knee and ankle. (Id. Attach. [1-2], at 4.) According to plaintiff, RCS failed to follow through on its promise that she could return to work on light duty, instead returning plaintiff to the same classroom with Ms. Eckhardt and without any accommodation. (See generally id. & Attach.) On May 26, 2022, Principal Felicia Jackson told plaintiff that her contract would not be renewed because the only open positions for the coming school year were in special education classes, an environment in which plaintiff both did not want to work and could not work because of her injury. (Id. Attach. [1-2], at 9.) Plaintiff sent Principal Jackson an email later that morning stating that she believed her termination was a "cover up" for Ms. Eckhardt's bullying because RCS had not addressed plaintiff's complaints. (Id.)

On July 28, 2022, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and the ADA. (Compl. Attach. [1-2], at 2-3.) The Charge contends that RCS engaged in discrimination and retaliation based on race and disability from March

3

1, 2022 through May 27, 2022. (Id. at 2.) The Charge summarizes plaintiff's allegations as follows:

> Rome City School District ("RCSD") discriminated and retaliated against me because of my race (African American) and my disability and/or perceived disability. I was also retaliated against for my engagement in protected activity.
>
> I was employed by RCSD at Anna K. Davie Elementary School as a Paraprofessional 2 until my unlawful termination. During my tenure, Amanda Eckhardt (Caucasian) harassed me because of my disability and my race. For example, Ms. Eckhardt regularly chastised me because of my Post Traumatic Stress Disorder, making comments to the effect of, "*I know you have PTSD* and *I know you do not like people standing behind you*," and "*You can only handle one kid at a time?*" I reported the discriminatory comments, however RCSD took no remedial action. No employees outside of my race were subjected to such hostile and discriminatory treatment.
>
> Additionally, on March 22, 2022, RCSD failed to properly staff my classroom and as a result I suffered a torn meniscus and severely injured my ankle. Subsequently, to remain mobile, I required the use of crutches. When I returned to work, Lorraine Reeves, Assistant Principal, told me, "*You can't be here on crutches, that's a liability*," and demanded that I leave and not return until I was cleared to walk without crutches. RCSD failed to engage with me in the interactive process or offer a remedial solution.
>
> A few days later Felicia Jackson, Principal, began harassing me by calling me to demand I return to work despite the fact I was not cleared to walk without crutches. Eventually, I was cleared to return to work and upon my return, Ms. Eckhardt continued to harass me because of my disability and/or perceived disability and my race and yet again, RCSD failed to engage with me in the interactive process.

4

> Shortly after returning to work, Ms. Eckhardt made a comment to me to the effect of, "*This class is not for the weak*," and in doing so insinuated that I was weak due to my disability.
>
> On one occasion, I informed RCSD of an upcoming follow up appointment with my treating physician, to which RCSD responded by threatening my position and forcing me to cancel the appointment as to avoid missing work. Additionally, RCSD failed to abide by the terms of my light duty orders, and as a result the symptoms of my disability were exacerbated by the harassment and discrimination I faced such that I was forced to seek further medical treatment. I reported each of these instances of discrimination to Ms. Jackson, however, no remedial action was taken and RCSD failed to engage with me in the interactive process.
>
> Following my medical care, I returned to work and provided Ms. Jackson with a doctor's note. In response, Ms. Jackson threatened me and told me, "***You're not going to have a spot here next year***." Very soon after, on May 27, 2022, RCSD terminated me.

(Id. Attach. [1-2], at 2-3.)

On March 31, 2023, the EEOC issued a Notice of Right to Sue Within 90 Days. (Compl. Attach. [1-2], at 1.) On June 26, 2023, plaintiff filed the instant Complaint and IFP application. (See generally Compl.; IFP Application.)

## II. APPLICABLE STANDARD

"[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit [averring] . . . that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(e)(2),

5

however, a federal court is required to dismiss an in forma pauperis complaint if, at any time, the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Dismissal under that provision, however, does not "prejudice the filing of a paid complaint making the same allegations." Denton v. Hernandez, 504 U.S. 25, 34 (1992). "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

A complaint is deemed frivolous if the Court finds that it lacks arguable basis in law or fact. Neitzke, 490 U.S. at 325. "In accordance with 28 U.S.C. § 1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint [] with a less stringent standard than those Complaints written by attorneys." Monacelli v. Florida, No. 2:08-cv-397-FtM-99SPC, 2008 WL 4165486, at *2 (M.D. Fla. Sept. 5, 2008) (quoting Trawinski v. United Techs., 313 F.3d 1295 (11th Cir. 2002)).

## III. PLAINITFF'S TITLE VII CLAIMS

The Complaint indicates that the conduct complaint of in this lawsuit is "harassment," "retaliation," "termination," and "failure to accommodate." (Compl. ¶ 12.) Only the first three allegations are relevant to plaintiff's claim of race discrimination under Title VII. (See id. ¶¶ 1, 13.) However, the Complaint fails to allege facts supporting race-based discrimination. While the narrative attached to the Complaint states that plaintiff is African American and Ms. Eckhardt is Caucasian, there is no indication in the facts alleged that Ms. Eckhardt (or anyone else at the School) discriminated or retaliated against plaintiff based on race. Rather, the incidents recounted therein relate to plaintiff's disabilities or perceived disabilities, i.e., her PTSD and leg injury. (See generally Compl. Attach. [1-2].)

The undersigned **REPORTS** that the Complaint fails to state a claim for relief under Title VII. Moreover, given the lack of facts concerning race-based discrimination or retaliation in both the EEOC Charge and the detailed narrative attached to the Complaint, it does not appear that plaintiff can amend her pleading to state a plausible Title VII claim. Accordingly, the undersigned **RECOMMENDS** that plaintiff's Title VII claims be **DISMISSED** as frivolous.

## IV. PLAINTIFF'S ADA CLAIMS

The ADA prohibits discrimination in the "discharge of . . . , terms, conditions, and privileges of employment" on the basis of disability, 42 U.S.C. § 12112(a), and prohibits retaliation against an individual for opposing any act or practice made unlawful under the statute, id. § 12203(a). Furthermore, the ADA requires an employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability," as long as the accommodation does not impose an undue hardship on the entity's operation. Id. § 12112(b)(5)(A).

Here, the Complaint alleges that a co-worker repeatedly harassed plaintiff because of her PTSD and that RCS was a aware of, but failed to stop, that mistreatment; that RCS agreed to accommodate plaintiff's disabling work injury with light duty, but failed to do so; and that RCS terminated plaintiff in retaliation for complaining about the harassment and because of her disabling injury. (See generally Compl. & Attach.) Therefore, the undersigned **REPORTS** that the Complaint states claims for disability discrimination, failure to accommodate, termination on the basis of disability, and retaliatory termination under the ADA. Accordingly, the undersigned **RECOMMENDS** that plaintiff be permitted to proceed with her ADA claims because they are not frivolous.

## V. CONCLUSION

The Court **GRANTS** plaintiff's Motion to Proceed IFP [1].

The undersigned **RECOMMENDS** that plaintiff's claims brought under Title VII be **DISMISSED** under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted, and **RECOMMENDS** that plaintiff be permitted to proceed with her ADA claims only.

If this Report and Recommendation is adopted, the District Judge may return this matter to the undersigned for an order regarding service of process.

**SO ORDERED AND RECOMMENDED**, this 26th day of July, 2023.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE